# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-947V
Filed: July 12, 2016
Not for Publication

*************************************
SANJUANITA KELLY,                    *
                                     *
    Petitioner,                      *
                                     *    Attorneys' fees and costs decision;
v.                                   *    reasonable attorneys' fees and
                                     *    costs
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
    Respondent.                      *
                                     *
*************************************
Paul Brazil, Philadelphia, PA, for petitioner.
Adriana Teitel, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

    On August 31, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that she suffered brachial radiculopathy due to her receipt of the influenza ("flu") vaccine on September 5, 2014. On June 9, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

    On June 16, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

requested attorneys' fees in the amount of $14,603.50 and attorneys' costs in the amount of $861.62, for a total request of $15,465.12.  In compliance with General Order #9, petitioner's counsel stated that petitioner did not incur any expenses in pursuit of her claim.  Fee App. ¶ 4.

On July 5, 2016, respondent filed a response to petitioner's motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).  Resp. at 2.  However, respondent states that her "estimation of reasonable attorneys' fees and costs for the present case roughly falls between $12,000.00 and $14,500.00."  Id. at 3.  Respondent bases this estimate on a "survey of fee awards in similar cases and her experience litigating Vaccine Act claims."  Id.  She also cites three cases in which petitioners were awarded between $12,258.22 and $14,390.49 in attorneys' fees and costs for cases that settled.  Respondent fails to explain how these cases are related to the instant case.

On July 7, 2016, petitioner filed a four-page reply to respondent's response to her application for attorneys' fees and costs.   In her reply, petitioner cites 15 SIRVA cases that were settled by her attorney's law firm in which petitioners were awarded an average of $14,999.084 for attorneys' fees and costs.  Reply at 2.  Petitioner points out that in nine of the cases petitioner was awarded more than the ceiling of respondent's proposed range, which means that "fees within respondent's proposed range are the exception not the rule."  Id.   Petitioner argues that the amount she requests in her fee application is reasonable and should be awarded in full.  Reply at 4.  Petitioner also requests an additional $660.00 for the time her attorney spent drafting the reply.  Id.  Therefore, petitioner requests a total of $16,125.12 in attorneys' fees and costs.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Respondent's counsel attempts to justify her suggested range of attorneys' fees by citing three cases in which a lower amount of attorneys' fees and costs were awarded than the amount petitioner requests.  Pryde v. Sec'y of HHS, No. 14-298V, 2014 WL 6464641 (Fed. Cl. Spec. Mstr. Oct. 24, 2014); Erickson v. Sec'y of HHS, No. 14-351V, 2014 WL 6755956 (Fed. Cl. Spec. Mstr. Nov. 5, 2014); Russo v. Sec'y of HHS, No. 14-480V, 2014 WL 4628909 (Fed. Cl. Spec. Mstr. Aug. 27, 2014).  In Erickson, the undersigned awarded petitioner $12,258.22 in attorneys' fees and costs for injuries including a rotator cuff tear, tendinitis, impingement syndrome, and/or bursitis that petitioner alleged were caused by the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine.  2014 WL 6755956, at *1.  Pryde involved a SIRVA injury caused by petitioner's receipt of the flu vaccine, for which petitioner received $14,390.49 in attorneys' fees and costs.  2014 WL 6464641, at *1.  Russo also involved a SIRVA injury caused by the flu vaccine.  2014 WL 4628909, at *1.  Petitioner was awarded $13,310.95 in attorneys' fees and costs in that case.  Petitioner's attorney in the instant case was the attorney of record in all of the

2

cases cited by respondent. The issue of attorneys' fees and costs was settled in the cases cited by respondent.

Despite the similarities between the cases cited by respondent and the instant case, the undersigned does not find respondent's argument persuasive. It is not necessarily instructive to compare cases involving similar vaccine injuries in order to determine the appropriate amount of attorneys' fees and costs. Each case in the Vaccine Program is different. Petitioners alleging the same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review. Moreover, the variance in the range proposed by respondent and the attorneys' fees and costs awarded in the cases cited by petitioner demonstrate how easy it is for each party to "cherry pick" the cases that support their proposed attorneys' fees and costs award.

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds the amount requested by petitioner to be reasonable. The undersigned also finds that the supplemental fees petitioner requests for the 2.4 hours her attorney spent preparing a reply are reasonable, as drafting petitioner's reply necessitated researching and compiling past SIRVA cases.

Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. Accordingly, the court awards **$16,125.12**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Muller Brazil, LLP in the amount of **$16,125.12**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 12, 2016                                         s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.